IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Catherine H. Cameron | ) | |
| | ) | Civil Action No. 8:04-2475-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** and **OPINION** |
| | ) | |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

**I. Background**

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") on November 26, 2001 and November 21, 2001, respectively, (Tr. 16), alleging a disability beginning April 6, 2001, due to fibromyalgia, restless leg syndrome, and degenerative disc disease. (Tr. 56.) Plaintiff's application was denied initially and upon reconsideration. (Tr. 16.) Plaintiff filed a timely request for a hearing, and Administrative Law Judge Richard L. Vogel (the "ALJ") conducted the hearing and denied plaintiff's application on September 29, 2003. (Tr. 16-25.) The Appeals Council denied plaintiff's request for review on May 27, 2004 (Tr. 7-10), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff appealed to this court. The magistrate judge filed her Report and Recommendation on July 29, 2005 recommending that the ALJ's decision be reversed and plaintiff be awarded benefits.

On September 27, 2005, this court issued an Order adopting the magistrate judge's recommendation and directed the Secretary to pay plaintiff the benefits to which she is

entitled. On November 10, 2005, plaintiff filed a Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"), to which the Commissioner has objected.

## II. Law/Analysis

Under § 2412(d)(1)(A) of the EAJA:

[The] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

§ 2412(d)(1)(A). "The award of attorneys' fees to a prevailing party, therefore, is mandatory *unless* the government can demonstrate that its position was substantially justified, or that special circumstances make an award unjust." Hyatt v. Barnhart, 315 F.3d 239, 244 (4th Cir. 2002) (internal citations and quotation marks omitted). "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.'" EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. §2412(d)(1)(B) (West 2002). Thus, "a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992); see also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158-60 (1990). "There is no presumption that the Government position was not substantially justified, simply because it lost the case." Crawford v. Sullivan, 935 F.2d 655,

657 (4th Cir. 1991) (internal citations omitted).  Rather, "in determining 'whether the government acted reasonably in causing the litigation or in taking a stance during the litigation,' [the court] must consider the 'totality of the circumstances.' "  Hyatt, 315 F.3d at 244-245 (quoting Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993)).

The Commissioner does not dispute that plaintiff was the "prevailing party" or the amount of fees that plaintiff has requested.  Rather, the Commissioner argues that its decision to deny benefits was "substantially justified" on the basis that the record is inconsistent with the opinions of plaintiff's treating physicians, Drs. Niemer and Khoury; there was a lack of supporting objective medical evidence for plaintiff's testimony; and there were inconsistencies in the record that further undermined plaintiff's credibility.

A.  The ALJ's failure to give the treating physicians' opinions controlling weight.

Plaintiff argues that the Commissioner's position was not substantially justified because the ALJ did not follow Fourth Circuit precedent and Social Security regulations in assessing the weight to be given to the opinion of plaintiff's treating physicians.  This court's order reversing the ALJ's decision was based partly on the ALJ's failure to give plaintiff's treating physicians the proper weight.  As discussed in Mastro v. Apfel, 270 F.3d 171(4th Cir. 2001), "a treating physician's opinions on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."  Mastro, 270 F.3d at 178 (citing 20 C.F.R. § 416.927).  The ALJ took the position that the treating physicians' opinions in the Physical Capacity Evaluations were based on plaintiff's subjective complaints rather than the physicians' own objective findings.  (Order at 9.)  However, because the symptoms of fibromyalgia are "entirely

subjective" and there are "no laboratory tests for [its] presence or severity," Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996), the ALJ's insistence on objective supporting evidence is misplaced.

> SSR 96-2p states:
>
> [T]he notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p at *2. Additionally, the Fourth Circuit has been clear regarding diagnoses based on subjective symptoms:

> [The Fourth Circuit] has battled the Secretary for many years over how to evaluate a disability claimant's subjective complaints of pain. Though a subjective allegation of pain, standing alone, 'shall not be conclusive evidence of disability,' where the claimant proves the existence of a medical condition that could cause pain, the claimant's subjective complaints must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective evidence.

Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994) (quoting 42 U.S.C. § 423(d)(5)(A)).

The ALJ's discussion of the treating physicians' opinions does not meet the standard described in Mastro and SSR 96-2p. In rejecting plaintiff's disability claim, the ALJ gave very little support for discrediting the treating physicians' opinions. (See Tr. 21.) The ALJ stated that Dr. Khoury's opinion should not be controlling because it is based "on her subjective complaints and not his own subjective findings." (Tr. 21.) This is contrary to the Fourth Circuit's clear instructions, time and time again, that a claimant "need only show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective medical evidence of the pain itself." Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (quoting Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir.

1990); see also, Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).  The ALJ even admitted earlier in his decision that "[t]he medical evidence *is sufficient to warrant a finding that the claimant has severe impairments of degenerative disc disease, fibromyalgia, and depression*."  (Tr. 19) (emphasis added).  This statement shows that the ALJ agreed that there was objective medical evidence of some condition (fibromyalgia and degenerative disc disease) that could reasonably be expected to produce the pain alleged, as is required under Thompson.

  The ALJ claimed that the decision to discredit the treating physicians' opinions was due not only to a lack of objective supporting evidence but also to inconsistencies between their physical capacities evaluations and their treatment notes.  However, contrary to the ALJ's findings, both physicians' treatment notes are replete with entries that are relevant to a diagnosis of fibromyalgia and degenerative disc disease, discussed at length in this court's September 25th, 2005 order.  (Order at 9-10.)  There was not substantial justification for the ALJ's decision to discredit the treating physicians' opinions under Fourth Circuit precedent.

B.  The ALJ's determination that plaintiff's testimony was not credible.

  The ALJ also determined that plaintiff's testimony was not credible.  The ALJ determined that plaintiff's descriptions of her "good days" described a "fairly active and varied lifestyle," but he ignored the fact that plaintiff testified that she has *"a lot more bad days than good days"* and estimated that she is able to function, at least somewhat, only two or three days a week in the winter and three or four days a week in the summer.  (Order at 12) (emphasis added).  Plaintiff testified that on her bad days, she is basically bedridden and only gets up to use the bathroom.  (Order at 13.)

Both in the Commissioner's brief in the underlying litigation and in the response to this motion, the Commissioner argues that "there was a lack of supporting objective medical evidence substantiating plaintiff's allegations of disability." (Response to Pl.'s Mot. Atty. Fees 5.) However, as discussed above, the ALJ admitted that there was enough medical evidence to warrant a finding that plaintiff did in fact suffer from "severe impairments" of degenerative disc disease, fibromyalgia, and depression. (Tr. 19.) In Thompson, the court declared:

> The ALJ . . . state[d] that "[t]he claimant's subjective complaints, including pain, are not consistent with the medical evidence of the record." The natural reading of this sentence is that the ALJ faulted Thompson for failing to present medical evidence of the pain itself, rather than simply of a condition that could cause pain. As this court held on appeal, the record is 'replete' with evidence of such underlying conditions. The ALJ either ignored this circuit's law or ignored plentiful evidence. In light of our prior experience with the Secretary in cases concerning subjective complaints of pain, we find the first of these failures much more likely.

Thompson, 980 F.2d at 282. The Fourth Circuit awarded the plaintiff in Thompson attorney's fees due to the Commissioner's failure to follow this circuit's law, stating that "[a] policy of non-acquiescence cannot be 'substantially justified' in law." Id. at 283. Under Thompson, the Commissioner was not substantially justified in discrediting plaintiff's testimony.

C.  The ALJ's failure to accept the testimony of the vocational expert in response to the treating physicians' limitations.

This court's order awarding plaintiff benefits agreed with the magistrate judge's finding that the ALJ erroneously disregarded the testimony of the vocational expert based upon the limitations of the treating physicians. As noted in the September 27th order, the

testimony that the ALJ relied on erroneously omitted the treating physicians' limitations. (Order at 14-16.)

Because the ALJ improperly disregarded the treating physicians' opinions under clearly established Fourth Circuit precedent, he was not substantially justified in disregarding the vocational expert's opinions based upon a hypothetical situation that included those limitations.

### III.  Conclusion

For the foregoing reasons, it is therefore,

**ORDERED** that plaintiff's motion for attorney's fees is **GRANTED** and that the Secretary shall pay plaintiff's fees totaling $6,675.00.

**AND IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ David C. Norton*
　　　　　　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**January 10, 2006**
**Charleston, South Carolina**